UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **ZLATKO BRUJAC (#392896)** | **CIVIL ACTION** |
| **VERSUS** | |
| | **22-61-JWD-SDJ** |
| **DEMONTRE SHARP, ET AL.** | |

**ORDER**

Before the Court is the plaintiff's Motion to Request the Court to Order the Clerk of Court to Provide Plaintiff with the Record (R. Doc. 54) which the Court construes as a Motion for Temporary Restraining Order and Preliminary Injunction. Plaintiff is seeking return of his legal materials.

The plaintiff asserts that on the night of April 23, 2023, or in the morning of April 24, 2023, following a disciplinary infraction the plaintiff was placed on mental health watch and was removed from his cell. When the plaintiff was returned to his cell on April 28, 2023, most of his legal materials pertaining to this matter were missing. The plaintiff is seeking a temporary restraining order and preliminary injunction with regards to the video footage for the tier where his legal materials were located on from April 23, 2023 through April 28, 2023, and the return of his property.

As a general rule, preliminary injunctions and temporary restraining orders are designed to preserve the status quo prior to the court's consideration of a case on its merits, and they are not intended as a substitute for relief on the merits of the case. *See* generally *Federal Savings & Loan Insurance Corp. v. Dixon*, 835 F.2d 554, 558 (5th Cir.1987); *Shanks v. City of Dallas, Texas*, 752 F.2d 1092, 1096 (5th Cir.1985). Otherwise, the normal procedures of litigation would be circumvented by trying a case on the merits through a motion for injunctive relief.

"A preliminary injunction is an extraordinary and drastic remedy; it is never awarded as of right." *Munaf v. Geren*, 553 U.S. 674, 689-90 (2008) (internal citations and quotations omitted). *See* also *Allied Marketing Group., Inc. v. CDL Marketing, Inc*., 878 F.2d 806, 809 (5th Cir. 1989) (preliminary injunctive relief "is an extraordinary remedy and should be granted only if the movant has clearly carried the burden of persuasion with respect to all four factors"); *Mississippi Power & Light Co. v. United Gas Pipe Line Co*., 760 F.2d 618, 621 (5th Cir. 1985) ("[t]he decision to grant a request for preliminary injunction is to be treated as the exception rather than the rule"). The decision whether to grant or deny a request for a preliminary injunction is within the sound discretion of the Court. *See Allied Mlttg. Grp., Inc*., 878 F.2d at 809.

At all times, the burden of persuasion remains with the plaintiff as to each of the four elements. Specifically, a plaintiff must establish: (1) a substantial likelihood of prevailing on the merits; (2) a substantial threat of irreparable injury if the injunction is not granted; (3) the threatened injury outweighs any harm that will result to the non-movant if the injunction is granted; and (4) the injunction will not disserve the public interest. *See Ridgely v. Fed. Emergency Mgmt. Agency*, 512 F.3d 727, 734 (5th Cir. 2008). If a plaintiff fails to meet his burden regarding any of the necessary elements, the Court need not address the other elements necessary for granting a preliminary injunction. *See Roho, Inc. v. Marquis*, 902 F.2d 356, 261 (5th Cir. 1990) (declining to address the remaining elements necessary to obtain a preliminary injunction after finding that the plaintiff failed to show a substantial likelihood of success on the merits).

The plaintiff seeks only to maintain the status quo – access to his legal materials so he can continue to prosecute the instant matter. Plaintiff's lack of legal materials threatens to disturb this

Court's docket. No harm will come to the defendants in this matter, and an injunction would not disservice the public interest. Accordingly,

**IT IS ORDERED** that the plaintiff's Motion (R. Doc. 54) is **GRANTED,** in part.

**IT IS ORDERED** that the plaintiff's request for a Temporary Restraining Order is granted on this 22nd day of May at 1:00 p.m., without notice due to the urgency of this matter.

**IT IS FURTHER ORDERED** that during the pendency of this Order all video footage for the tier on which the plaintiff's legal work was located from April 23, 2023, through April 28, 2023, shall not be allowed to be written over automatically and shall be preserved.

**IT IS FURTHER ORDERED** that said video footage, shall be produced to this Court within five (5) days of the date of this Order.

**IT IS FURTHER ORDERED** that the plaintiff's legal materials shall be returned to him within five (5) days of the date of this Order.

**IT IS FURTHER ORDERED** that the United States Marshals Service shall serve Secretary James Leblanc, Warden Tim Hooper, and the Louisiana Attorney General.

**IT IS FURTHER ORDERED** that a hearing to determine whether to convert this temporary restraining order into a preliminary injunction will be set on a future date if necessary.

**IT IS FURTHER ORDERED** that, in all other regards, the plaintiff's Motion (R. Doc. 54) is **DENIED**.

Signed in Baton Rouge, Louisiana, on <u>May 22, 2023</u>.
.

_____
**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**