UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ZLATKO BRUJAC (#392896)                                CIVIL ACTION

VERSUS

                                                       22-61-JWD-SDJ

DEMONTRE SHARP, ET AL.

## RULING AND ORDER

The *pro se* Plaintiff, an inmate currently confined at the Louisiana State Penitentiary, Angola, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983 complaining that his constitutional rights were violated due to the use of excessive force and retaliation. Named as defendants are Demontre Sharp, Omar Walker, David Voorhies, and Stafford Byrd. Plaintiff seeks monetary relief.

### 28 U.S.C. §§ 1915(e) and 1915A

Pursuant to 28 U.S.C. §§ 1915(e) and 1915A, this Court is authorized to dismiss an action or claim brought by a prisoner who is proceeding *in forma pauperis* or is asserting a claim against a governmental entity or an officer or employee of a governmental entity if satisfied that the action or claim is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action or claim is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992), *citing Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hicks v. Garner*, 69 F.3d 22, 24-25 (5th Cir. 1995). A claim is factually frivolous if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'" *Id*. at 32-33. A claim has no arguable basis in law if it is based upon an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott*, 157 F.3d 1003, 1005

(5th Cir. 1998). The law accords judges not only the authority to dismiss a claim which is based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the factual allegations. *Denton v. Hernandez*, *supra*, 504 U.S. at 32. Pleaded facts which are merely improbable or strange, however, are not frivolous for purposes of § 1915. *Id*. at 33; *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992). A § 1915 dismissal may be made any time, before or after service or process and before or after an answer is filed, if the court determines that the allegation of poverty is untrue; or the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2) and *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

This matter has been set for trial. This Ruling will narrow the issues for the trial of this matter.

## Plaintiff's Allegations

In his Complaint, Plaintiff alleges the following: On May 17, 2021, defendant Sharp refused to take the plaintiff's untouched food tray and log that the plaintiff was on a hunger strike. Instead, defendant Sharp remarked that he didn't care then threw the tray at the plaintiff which injured his right eye. Defendant Sharp was promptly fired.

The next day, the plaintiff was removed from his cell by defendant Walker. On his way to the shower cell, he was verbally harassed by defendant Byrd. When he arrived at the shower cell, he was met by defendant Voorhies and another officer. Defendant Walker placed the plaintiff in the shower cell fully restrained. The plaintiff was then sprayed by defendant Voorhies or Walker, causing him to fall and injure himself. The plaintiff was unable to stand due to his injuries and was then sprayed several more times. Defendants made it clear that he was being sprayed with a chemical agent in retaliation for his complaint against defendant Sharp which resulted in defendant Sharp being fired.

**Verbal Abuse/Threats**

To the extent the plaintiff complains of verbal abuse and/or threats made by defendant Byrd or any other defendant, neither threats nor verbal abuse by a security officer is actionable under § 1983. *Calhoun v. Hargrove*, 312 F.3d 730, 734 (5th Cir. 2002) ("[C]laims of verbal abuse are not actionable under § 1983"); *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997) ("It is clear that verbal abuse by a prison guard does not give rise to a cause of action under § 1983"); *Bender v. Brumley*, 1 F.3d 271, 274 n. 4 (5th Cir. 1993) ("Mere allegations of verbal abuse do not present actionable claims under § 1983"). As such, the plaintiff fails to state a claim in this regard.

**Conspiracy**

To the extent the plaintiff alleges the use of excessive force was due to a conspiracy between defendants, "To prove a conspiracy under § 1983, a plaintiff must allege facts that indicate (1) there was an agreement among individuals to commit a deprivation, and (2) that an actual deprivation occurred." *Jabary v. City of Allen*, 547 F. App'x 600, 610 (5th Cir. 2013) (citing *Cinel v. Connick*, 15 F.3d 1338, 1343 (5th Cir. 1994)). Regarding the first element: "To establish a cause of action based on conspiracy a plaintiff must show that the defendants agreed to commit an illegal act." *Arsenaux v. Roberts*, 726 F.2d 1022, 1024 (5th Cir. 1982). "Mere conclusory allegations of conspiracy cannot, absent reference to material facts, survive a motion to dismiss." *Id.* (citing *Slotnick v. Staviskey*, 560 F.2d 31, 33 (1st Cir. 1977)). "[M]ore than a blanket of accusation is necessary to support a § 1983 claim." *Id.* (citations omitted). Plaintiffs must make "specific allegation[s] of fact tending to show a prior agreement has been made." *See id.* at 1023–24.

Here, the plaintiff has not alleged any facts indicative of an agreement of any kind

between defendants. As such, the plaintiff has failed to state a claim in this regard.

## Supplemental Jurisdiction

Finally, to the extent that the plaintiff's allegations may be interpreted as seeking to invoke the supplemental jurisdiction of this court over potential state law claims, a district court may decline the exercise of supplemental jurisdiction if a plaintiff's state law claims raise novel or complex issues of state law, if the claims substantially predominate over the claims over which the district court has original jurisdiction, if the district court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons. 28 U.S.C. § 1367. In the instant case, plaintiff's state law claims, if any, would raise complex issues of state law. As such, the exercise of supplemental jurisdiction will be declined. Accordingly,

**IT IS ORDERED** that the plaintiff's claims for verbal harassment and conspiracy are dismissed, with prejudice, for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e) and 1915A.

**IT IS FURTHER ORDERED** that the Court declines the exercise of supplemental jurisdiction over any potential state law claims.

Signed in Baton Rouge, Louisiana, on January 8, 2025.

**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**